[882 NYS2d 469]

In the Matter of SHELDON M. KRUPNICK (Admitted as SHELDON MARTIN KRUPNICK), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 30, 2009

APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

*Joseph W. Ryan, Jr.*, Uniondale, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition dated July 30, 2007 containing four charges of professional misconduct. After a preliminary conference on March 12, 2008 and a hearing on May 12, 2008, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee's report with respect to charges one and two, confirm with respect to charges three and four, and impose a sanction no greater than a public censure.

Charge one alleges that the respondent engaged in conduct that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer, by completing a previously-signed blank deed and notarizing that deed approximately seven years after it had been signed without the knowledge or consent of the party who signed the deed in blank, and by delivering the then-completed deed to a person the respondent knew was involved in a pending lawsuit regarding the subject matter of the deed, in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3]).

Between August 1996 and March 1997, the respondent represented Joseph Galano and Robert Culen in negotiations for the purchase of real property in Nassau County (hereinafter the Nassau property). The respondent, Galano, and Culen appeared at the closing on or about March 24, 1997, at which the seller deeded the Nassau property to Culen. In the respondent's presence, Culen signed a blank Blumberg form bargain and sale deed which the respondent placed in his office file.

In early 2002, Galano commenced an action against Culen in the Supreme Court, Nassau County, claiming, inter alia, a 50% interest in the Nassau property. The respondent represented neither Galano nor Culen in that action. In or about October 2003, the respondent inserted or caused to be inserted onto the blank deed, that had been in his file since 1997, information including the date, the names of the parties, and the description of the property and ownership interests, purportedly conveying

the Nassau property from Culen to Culen and Galano as tenants-in-common, each with a 50% interest. It was made to appear that the information had been entered on the form on March 27, 1997. The respondent thereafter notarized Culen's signature, which had been placed on the blank deed in 1997, and entered the date of March 27, 1997 as the date Culen executed the document. The respondent then delivered the completed deed to Galano when he knew or should have known that Galano would offer it in his action against Culen concerning the subject property. The respondent had not obtained Culen's consent to any modification of the blank deed bearing his signature. The respondent failed to advise his former client Culen that he had completed and delivered to his former client Galano the deed which Culen had signed in blank and which now transferred a 50% interest in the Nassau property to Galano. That deed was offered in evidence in the Galano action against Culen.

Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by completing a previously signed blank deed and notarizing that deed approximately seven years after it was signed in blank by Culen, without the knowledge or consent of Culen, and by delivering the completed deed to a person whom the respondent knew to be involved in a pending lawsuit regarding the subject matter of that deed, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), based on the factual specifications of charge one.

Charge three alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by virtue of the factual specifications of charges one and two.

Charge four alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by virtue of the factual specifications of charges one, two and three.

Based on the evidence adduced, the Special Referee properly sustained charges one and two. There is no issue with respect to charges three and four, inasmuch as the respondent has moved to confirm the Special Referee's findings to that extent. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted and the respondent's cross motion is

granted to the extent that charges three and four are sustained, and is otherwise denied.

In determining an appropriate measure of discipline to impose, the Grievance Committee has apprised the Court of the respondent's extensive disciplinary history. It consists of five letters of admonition and four letters of caution between 1981 and 2004. In addition, the respondent was issued a dismissal with advisement on January 2, 2003, to ensure that his then law firm of Krupnick and Goldman maintain accurate bank and bookkeeping records and promptly account for all outstanding checks before closing any account. The admonitions were issued for, inter alia, failing to properly handle client funds, in violation of Code of Professional Responsibility DR 9-102 (c) (22 NYCRR 1200.46 [c]), and failing to respond to client inquiries, in violation of Code of Professional Responsibility DR 6-101 (a) (22 NYCRR 1200.30 [a]); failing to deposit funds into a special account, failing to promptly notify clients of his receipt of such funds, failing to render appropriate accounts to the client, and failing to promptly pay funds which the client was entitled to receive, all in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46); failing to execute written retainer agreements; neglect of a legal matter; and failing to advise a client of a material development in a case. The letters of caution involved the respondent's failing to maintain proper supervision over employees and the use of his office; a warning to zealously avoid even the appearance of having participated in fraudulent conduct; and failing to promptly respond to reasonable inquires from a client and the Grievance Committee. The respondent explains that all of the complaints which led to those Committee level sanctions were filed while he was a partner in Krupnick and Goldman where he was consumed with more work than he could handle. He notes that none of those complaints involved theft of client funds, and stresses that he has never been disciplined by the Court.

The respondent notes that he terminated his partnership in February 2004 and has since reduced his caseload to a manageable level, allowing him to devote more time to client matters.

The respondent apologizes for his misconduct, which he attributes to embarrassment at having neglected the blank deed in his file. He now realizes that he should not have had his client sign a blank deed form and should have given the deed to Galano in its blank state when he inquired about it.

Having admitted misconduct to the extent that it was rooted in negligence and oversight rather than illegality or fraud, the respondent asks the Court to limit any sanction imposed to a short suspension.

Although the respondent's misconduct emanates from a single incident, it displays gross misjudgment.

In view of the respondent's extensive disciplinary history and under the totality of circumstances, he is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and ANGIOLILLO, JJ., concur.

Ordered that the Grievance Committee's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm the Special Referee's report with respect to charges one and two, confirm with respect to charges three and four, and impose a sanction no greater than a public censure is granted solely to the extent that charges three and four are sustained and is otherwise denied; and it is further,

Ordered that the respondent, Sheldon M. Krupnick, admitted as Sheldon Martin Krupnick, is suspended from the practice of law for a period of five years, commencing July 30, 2009 and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years, upon furnishing satisfactory proof that during that period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (see 22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Sheldon M. Krupnick, admitted as Sheldon Martin Krupnick, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto,

and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if Sheldon M. Krupnick, admitted as Sheldon Martin Krupnick, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).